OPINION
SMITH, Circuit Judge.
On February 6, 2008, Jose Rivera pleaded guilty to one count of conspiracy to distribute less than 100 grams of heroin, in violation of 21 U.S.C. § 846. Rivera’s Sentencing Guidelines range, which was based on his classification as a “Career Offender,” was 151 to 188 months. The District Court sentenced Rivera to 108 months of imprisonment, a special assessment of $100, and a three-year term of supervised release.[1] Rivera argues that the District Court abused its discretion when it imposed the term of imprisonment because (1) it relied on erroneous facts regarding his prior criminal history, and (2) it failed to meaningfully consider the factors enumerated in 18 U.S.C. § 3553(a). We will affirm.[2]
First, Rivera argues that the District Court erred when it denied Rivera’s motion for a downward departure based “on his minor role in the offense ... and for over-representation of his criminal history ..., where such denial was based in large part on an erroneous reading of Rivera’s record.” Thus, it is clear that Rivera is not asserting that the District Court incorrectly calculated his Sentencing Guidelines range, but rather that it relied on erroneous information when it refused to exercise its discretion to depart. However, in such cases, “our precedent ... mandates the conclusion that where a district court allegedly made a mistake of fact when, in the exercise of its discretion, it refused to grant a request for a downward departure, while aware of its authority to grant that request, we lack jurisdiction to *853 review that decision.” United States v. Minutoli, 374 F.3d 236, 243 (3d Cir.2004); see also United States v. Cooper, 437 F.3d 324 (3d Cir.2006) (stating that this Court “declin[es] to review, after [United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ], a district court’s decision to deny departure”).
In this case, the District Court stated that granting the motion for a downward departure “would violate, in my view, the spirit of the departure provision.... ” By declining to exercise its discretion in an effort to remain faithful to the “spirit” of the Sentencing Guidelines, rather than because it believed it was required to do so, the District Court demonstrated that it recognized its authority to depart. See id. at 240 n. 5, 125 S.Ct. 738 (noting that “district courts need not utter the magic words, ‘I recognize I have authority to grant the downward departure,’ ” though “encouraging] them to do so”). We therefore lack jurisdiction to review the District Court’s discretionary decision to deny Rivera’s request for a downward departure.
Second, Rivera contends that his sentence is unreasonable because various § 3553(a) factors warranted a reduced sentence. This Court reviews a district court’s sentence for procedural and substantive reasonableness. United States v. Levinson, 543 F.3d 190, 195 (3d Cir.2008). In doing so, we apply the “abuse of discretion” standard. United States v. Wise, 515 F.3d 207, 217-18 (3d Cir.2008). In United States v. Cooper, this Court stated that “a rote statement of the § 3553(a) factors should not suffice if at sentencing either the defendant or the prosecution properly raises ‘a ground of recognized legal merit.’ ” 437 F.3d at 329 (citation omitted). Nonetheless, the “court need not discuss every argument made by a litigant,” nor must it “discuss and make findings as to each of the § 3553(a) factors.” Id. Applying a deferential standard of review, this Court instead looks to whether the § 3553(a) factors “were reasonably applied to the circumstances of the case” and whether “the district judge imposed the sentence ... for reasons that are logical and consistent with the factors set forth in section 3553(a).” Id.
Before the District Court, Rivera argued that several Section 3553(a) factors warranted a below-guidelines sentence, including: (1) the need to avoid unwarranted sentencing disparities; (2) the low rate of recidivism for non-violent offenders classified as Career Offenders; (3) his age; (4) and his drug addiction. The record in this case demonstrates that the District Court sufficiently considered these issues. With regard to Rivera’s age, it noted that this factor should prompt “a desire to change,” but stated its dismay at “why that didn’t hit [Rivera] a couple of years ago.” Similarly, the Court discounted Rivera’s recidivism argument, questioning how Rivera could spend time in prison at a young age for a drug offense and subsequently serve as, essentially, a mule for drug traffickers. Finally, the District Court expressly stated that sentencing disparities “really compelled] [it] to look at a variance.” In fact, it granted a variance that balanced the nature of the crime against the lower sentences received by others involved in the conspiracy. Because the District Court sufficiently considered the issues raised by Rivera, we believe that the District Court’s imposition of a 108-month term of imprisonment was not procedurally unreasonable.
Furthermore, Rivera’s term of imprisonment was not substantively unreasonable. “[I]f the district court’s sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided.” United *854 States v. Tomko, 562 F.3d 558, 568 (3d Cir.2009) (en banc). In this case, the District Court concluded that a 108-month term of imprisonment was reasonable, and we agree.
For the reasons stated above, we will affirm the District Court’s decision.

. As we write for the benefit of the parties alone, who are familiar with the facts and procedural history of this case, we confine our discussion to the legal issues presented and include only those facts necessary to our disposition

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.